UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DARRELL F. GIST,<br>     Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br>     Defendants. | Civil Action No.<br>25-11254-NMG |

ORDER

GORTON, J.

On May 7, 2025, pro se plaintiff Darrell G. Gist, who is confined at FMC Devens, filed a civil complaint against the United States and three medical professionals at the correctional facility. (Docket # 1). Gist states he is bringing this action under the Federal Tort Claims Act ("FTCA") and has complied with the statute's requirement of filing an administrative complaint. Gist paid the $405 fee when he filed the complaint. Summonses issued on May 8, 2025. (Docket # 3).

Now before the Court are two motions that Gist has filed concerning service. In his "Motion to Compel the Government to Disclose the Complete Names and Address of Each Defendant," Gist represents that the defendants have not responded to his requests for waiver of service of summons, and he asks that the government be required to provide him with the complete name and address of each defendant so that he can serve summonses on

these parties. (Docket # 9). In his "Motion for an Extension of Time to Serve Summons on Defendants," Gist asks for additional time to complete service. (Docket # 10). Upon review of these motions, the Court hereby orders:

1. The motion to compel (Docket # 9) is DENIED because the information Gist seeks is not necessary to complete service.

The only proper defendant in an action under the FTCA is the United States. See Nieves-Romerou v. United States, 715 F.3d 375, 378 n.2 (1st Cir. 2013 (citing 28 U.S.C. § 2679(a)). Service on the United States (and its agencies, corporations, officer, or employees) is governed by Rule 4(i) of the Federal Rules of Civil Procedure. A party subject to service under Rule 4(i) does not have a duty to avoid unnecessary expenses of serving the summons. See Fed. R. Civ. P. 4(d)(1).

Because the only proper defendant is the United States, service may be accomplished entirely by registered or certified mail. Service on the United States is effected by sending, via registered or certified mail, a copy of the summons (issued for the United States) and complaint to (1) the United States Attorney General; (2) the United States Attorney for the district in which the action is brought (here, the District of Massachusetts)[1]; and to any nonparty agency or officer whose

---

[1] The United States Attorney may also be served by in-hand delivery of a copy of the summons of the complaint "to an assistant United States attorney or clerical employee whom the

2

order is challenged in the lawsuit (here, presumably the Federal Bureau of Prisons).  Fed. R. Civ. P. 4(i)(1).

2. The motion for an extension of time to complete service (Docket # 10) is ALLOWED.  Gist must complete service within sixty (60) days of the date of this order and inform the Court when service has been completed.

3. Because the United States is the only proper defendant for an FTCA claim and Gist does not assert any other claim in this lawsuit, the Clerk shall terminate the individual defendants as parties to this action.[2]

4. The Clerk shall provide Gist with a copy of the docket sheet of this action.  The Clerk shall also provide Gist with a copy of Rule 4(i) of the Federal Rules of Civil Procedure and the addresses for service on the United States Attorney General and the United States Attorney for the District of Massachusetts, which information the Court routinely provides to pro se litigants.

So ordered.

                                          /s/ Nathaniel M. Gorton
                                          Nathaniel M. Gorton
                                          United States District Judge

Dated: 08/05/2025

---

United States attorney designates in a writing filed with the court clerk."  Fed. R. Civ. P. 4(i)(1)(A)(i).
[2] This dismissal is without prejudice to Gist bringing individual capacity claims against the defendants through amendment or separate action should he choose to do so. The Court takes no position whether Gist should pursue said claims.